UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CLEVELAND WALKER,

                Petitioner,

  -against-

DALE ARTUS, Superintendent,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
No. CV-04-5221 (FB)(LB)

*Appearances:*
*For the Petitioner:*
CLEVELAND WALKER, *pro se*
#00-A-3783
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

*For the Respondent:*
KEITH DOLAN, ESQ.
Assistant District Attorney
Office of Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

    *Pro se* petitioner, Cleveland Walker ("Walker"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in New York Supreme Court, Kings County, on one count of murder and one count of attempted murder. Walker contends that his counsel was ineffective, in violation of the Sixth Amendment. This claim was presented to and rejected by the Appellate Division, Second Department, *see People v. Walker*, 2 A.D.3d 656 (2d Dep't 2004), and was fully exhausted when the New York Court of Appeals denied leave to appeal. *See People v. Walker*, 1 N.Y.3d 602 (2004) (table). For the reasons explained below, the petition is denied.

1

# I.

Only federal issues may be raised on *habeas* review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been "adjudicated on the merits" by a state court, the state court's judgment is entitled to substantial deference. *See* 28 U.S.C. § 2254(d). "[A] state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citations and quotations omitted).

For claims "adjudicated on the merits," *habeas* relief may not be granted unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409. This inquiry requires a court to "ask whether the state court's application of clearly established federal law was objectively unreasonable,"

not whether the application was erroneous or incorrect. *Id.* In that respect, the standard to be applied "falls somewhere between merely erroneous and unreasonable to all reasonable jurists." *Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir. 2003) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)). However, the "increment [of incorrectness beyond error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Eze v. Senkowski*, 321 F.3d 110, 125 (2d Cir. 2003) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

## II.

Walker contends that his counsel was ineffective for (1) eliciting testimony that the sole eyewitness identified Walker from a photo array; (2) opening the door to prejudicial testimony by calling Walker's sister to testify that his confession was in violation of the Sixth Amendment; and (3) referring to Walker as "the shooter" in his cross-examination of the eyewitness. The Appellate Division held:

> Contrary to the defendant's contention, he received the effective assistance of counsel. A defendant is entitled to a fair trial, not a perfect one. Mere losing tactics are not to be confused with ineffectiveness, and to sustain a claim of ineffective assistance of trial counsel, proof of less than meaningful representation is required, rather than disagreement with counsel's strategies and tactics.

*Walker*, 2 A.D.3d at 656-57 (citations omitted).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show that counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms," and that "there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Based on the Court's review of the trial record, the Court concludes that the state court's analysis was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

Faced with overwhelming evidence against Walker, including an identification by an eyewitness, a signed confession to police and a videotaped confession to the prosecutor, Walker's counsel attempted to establish that the eyewitness misidentified Walker and that the confessions were a result of police manipulation. Therefore, as explained in respondent's Memorandum of Law on pages 8-11, *see Miranda v. Bennett*, 322 F.3d 171, 177 (2d Cir. 2003) (noting that district court's denial of habeas petition was "sufficiently informative" where it adopted specific pages of government's memorandum), the first two alleged errors were part of Walker's counsel's trial strategy and do not amount to ineffective assistance. *See, e.g., United States v. Berkovich*, 168 F.3d 64, 67 (2d Cir. 1999) ("[A]ctions or omissions that might be considered sound trial strategy do not constitute ineffective assistance."). Furthermore, even assuming *arguendo* that his counsel's strategy amounted to ineffective assistance, in light of the overwhelming evidence against him, Walker cannot establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

In regard to the final alleged error, Walker's counsel inadvertently referred to Walker as the "shooter" four times in his 75-page cross examination of the eyewitness. Walker again cannot establish the second prong of *Strickland* given the ample evidence

4

against him. *See United States v. Bari*, 750 F.2d 1169, 1183 (2d Cir. 1984) (acknowledging that attorney's "freudian slip" during summation was "clearly a mistake, but, given the character and degree of evidence against [the defendant] there is no serious possibility that it affected the result, even if the jury considered its implications."); *United States v. Fallis*, 1996 WL 743826, at *4 (D. Kan. Dec. 04, 1996) ("isolated reference by defendant's counsel cannot be said to have 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" (quoting *Strickland*, 466 U.S. at 686)).

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Walker has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
January 10, 2006

5